IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DAVID MCGOWAN                                                                               PLAINTIFF

VS.                                                             CIVIL ACTION NO. 2:04-cv-203-MTP

JAMES BREWER, et al,                                                                    DEFENDANT

## OPINION AND ORDER

Presently before the court is the *Motion For Summary Judgment* [23][1] filed on behalf of defendants Ronald King and James Brewer.  Having considered the motion and attachments, the plaintiff's response [25], the entire record in this case, and the applicable law, the court finds that the motion should be GRANTED.[2]

PROCEDURAL HISTORY

Plaintiff David McGowan, a state prisoner proceeding *in forma pauperis* and *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12102, et seq. against Ronald King and James Brewer, the warden and superintendent of  South Mississippi Correctional Institution ("SMCI").  Plaintiff claims that he was denied conjugal visits with his wife while he was incarcerated at SMCI and that this denial amounts to a constitutional infringement and a violation of the ADA.  Plaintiff contends that he

---

[1]Because the motion does not address all of the plaintiff's claims, it is treated as a motion for partial summary judgment.

[2]The parties having consented to disposition by the Magistrate Judge [38], the court is authorized to enter final judgment pursuant to Fed. R. Civ. P. 73 and local rule 73.1.

was initially allowed conjugal visits, but was later transferred to another unit because of a medical condition and that conjugal visits were not permitted in that unit.

Plaintiff subsequently amended his original complaint to include a claim for emotional distress and punitive damages.  On April 21, 2005, the court held an omnibus hearing[3] pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985), wherein plaintiff also testified regarding his claims.  On September 28, 2006, the defendants filed the instant Motion For Summary Judgment arguing that plaintiff has no right to conjugal visits.

## STATEMENT OF FACTS

According to his omnibus hearing testimony, Plaintiff McGowan is a state inmate serving a twelve (12) year sentence for sale of a controlled substance in Hinds County.  He accuses defendants Ronald King and James Brewer, the Warden and Superintendent of SMCI, of discrimination for not allowing him "the privilege of using the conjugal visits privilege afforded other inmates at the same facility."   Plaintiff testified at the hearing that he has been housed at different prison facilities during his incarceration and has enjoyed conjugal visits until his transfer to SMCI 2, a unit which apparently houses inmates with medical conditions.  Plaintiff contends that the denial of conjugal visits violates his constitutional rights and serves to "hinder" him under the ADA.[4]  In his response [25] to the motion for summary judgment, plaintiff alleged that he is not receiving proper medication while incarcerated.  This latter claim regarding medical treatment is not in the pleadings, is not before the court and will not be addressed here.

---

[3]A *Spears* hearing is "in the nature if an amended complaint or a more definite statement."  See *Adams v. Hansen*, 906 F.2d 192, 194 (5th Cir. 1990).

[4]Complaint [1].

## SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  Summary judgment is proper  "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988).  If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).

All facts are considered in favor of the non-moving party, including all reasonable inferences from those facts.  *Banc One Capital Partners Corp. v. Kneipper,* 67 F.3d 1187, 1198 (5th Cir. 1995).  There must, however, be adequate proof in the record showing a real controversy regarding material facts.  "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 94 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir 1994) is not enough to create a real controversy regarding material facts.  In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

ANALYSIS

**Visitation**

"[P]rison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Turner v. Safley*, 482 U.S. 78, 84, 107 S.Ct. 2254 (1987). However, the constitutionality of bans on conjugal visits between an inmate and his spouse have been upheld by the courts. *McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir. 1975)(upholding ban in the face of challenge by inmate); *Davis v. Carlson*, 837 F.2d 1318, 1319 (5th Cir. 1988)(rejecting challenge by inmate's wife); *see also Thorne v. Jones*, 765 F.2d 1270, 1273 (5th Cir. 1985)(holding that incarcerated persons maintain no right to simple physical association- with their parents or with anyone else- grounded in the first amendment). "Visitation privileges are a matter subject to the discretion of prison officials." *McCray,* 509 F.2d at 1334.

A prisoner enjoys no *constitutional* right to conjugal visits. "Failure to permit conjugal visits does not deny an inmate a federal constitutional right." *McCray*, 509 F.2d at 1334. Because McGowan has no constitutional right to visitation privileges or conjugal visits, he fails to state a cognizable claim for relief under 42 U.S.C. § 1983 and, therefore, defendants are entitled to a judgment as a matter of law on this claim.

Likewise, any claims for punitive damages or emotional distress arising out of the claim for denial of conjugal visits also fail as there is no underlying constitutional claim. Accordingly, defendants are entitled to summary judgment as a matter of law on these claims.

**Qualified Immunity**

Although the defendants have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant[s]

[are] entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1995)(citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)).  Because the court finds that the plaintiff's claims for denial of conjugal visits are not cognizable as constitutional claims, it need not reach the question whether the defendants are entitled to immunity. *Id.*

**Americans With Disabilities Act**

Although plaintiff attempts to assert an ADA claim with respect to the denial of conjugal visits at the unit to which he was allegedly assigned for medical reasons, this issue is not addressed in the motion and the court does not consider it here.

CONCLUSION

Based on the foregoing analysis, the court finds that Plaintiff McGowan has failed to state a claim under 42 U.S.C. § 1983, and that defendants are entitled to a judgment of dismissal with respect to those claims.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendants' *Motion For Summary Judgment* [23] should be, and hereby is, GRANTED.  Plaintiff's §1983 claims against the defendants are dismissed with prejudice.

A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.  Further, a scheduling order will be entered to ensure the prompt disposition of the remaining claim under the ADA.

SO ORDERED AND ADJUDGED this the 9th day of March, 2007.

s/ Michael T. Parker
United States Magistrate Judge